83 F.3d 422
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Elbert Phillip LONG, Petitioner-Appellant,
v.
Emmitt L. SPARKMAN, Respondent-Appellee.
 No. 95-5827.
 United States Court of Appeals, Sixth Circuit.
 April 22, 1996.
 
 1
 Before: SUHRHEINRICH and SILER, Circuit Judges, and ALDRICH, District Judge.*
 
 ORDER
 
 2
 Elbert Phillip Long, a pro se Kentucky prisoner, moves for counsel on appeal from a district court order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.R. 34(a).
 
 
 3
 In 1977, Long was convicted by a jury of murder and attempted first degree rape. He was sentenced to a term of life imprisonment.
 
 
 4
 Long was granted parole in September 1986. In May 1987, he was assigned a different parole officer. The new parole officer required Long to participate in a sex offender program, and Long began the sex offender program in May 1987. In March 1988, the Kentucky Department of Corrections adopted some changes in its policy regarding prisoners/parolees participation in sex offender programs. The changes required parolees to accept responsibility for their offense in order to participate in the sex offender programs. Long refused to admit that he had committed the offense of attempted rape for which he had been convicted in 1977. Consequently, on July 21, 1988, Long was arrested for a technical violation of his parole; to wit, failure to attend a sex offender program. His parole was subsequently revoked.
 
 
 5
 Long appeared before the Kentucky Parole Board on October 4, 1988. The parole board deferred Long's parole for a period of four years. Long appeared before the parole board in October 1992. Again, the parole board deferred Long's parole for an additional period of four years.
 
 
 6
 Long filed the present petition for a writ of habeas corpus asserting the following claims of constitutional error: 1) the 1992 decision of the Kentucky Parole Board to defer his parole for another four years was arbitrary and capricious; 2) the Kentucky Parole Board's application of Ky.Rev.Stat.Ann. § 439.340(10) and (11) to him violates the Ex Post Facto Clause; 3) the Kentucky Parole Board's application of Ky.Rev.Stat.Ann. § 439.340(10) to him violated his equal protection rights; 4) his parole deferment for a technical parole violation constitutes cruel and unusual punishment under the Eighth Amendment; 5) the 1992 decision of the Kentucky Parole Board was done in retaliation for his filing of civil rights actions against board members as a result of its 1988 decision to defer his parole eligibility for four years.
 
 
 7
 The matter was referred to a magistrate judge who issued a report recommending that the petition be denied. Despite Long's timely and particularized objections, the district court adopted the report and recommendation as the opinion of the court. This timely appeal followed.
 
 
 8
 This court's review of a district court's refusal to grant a habeas petition is de novo. Carter v. Sowders, 5 F.3d 975, 978 (6th Cir.1993), cert. denied, 114 S.Ct. 1867 (1994). Upon review, we conclude that the district court properly denied Long's petition for a writ of habeas corpus.
 
 
 9
 Long failed to exhaust his available state court remedies prior to seeking federal habeas corpus relief. 28 U.S.C. § 2254(b), (c); Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir.1994); Rust v. Zent, 17 F.3d 155, 160 (6th Cir.1994). Normally, the exhaustion requirement is satisfied after the petitioner fairly presents all his claims to the highest court in the state in which the petitioner was convicted, thus giving it a full and fair opportunity to rule on his claims before seeking relief in federal court. Rust, 17 F.3d at 160. The fair presentation requirement is not satisfied when a claim is presented in state court in a procedurally inappropriate manner that renders consideration of its merits unlikely. Castille v. Peoples, 489 U.S. 346, 351 (1989).
 
 
 10
 Here, Long did not "fairly present" the substance of his claims because he did not follow the proper procedure for obtaining review of his claims. A state habeas corpus action was not the procedurally proper vehicle for securing review of Long's claims. See Shepherd v. Wingo, 471 S.W.2d 718, 719 (Ky.1971). Rather, if the Kentucky Parole Board should abuse its authority in rearresting a convict, the remedy is by proceeding in the circuit court of the proper county to obtain a writ of mandamus requiring the parole board to proceed properly. Id. Thus, because Long presented his claims in state court in a procedurally inappropriate manner that rendered consideration of the claims unlikely, he failed to satisfy the fair presentation requirement necessary for exhaustion.
 
 
 11
 However, we affirm the district court's order on two other bases. See Granberry v. Greer, 481 U.S. 129, 131 (1987). First, Long's current habeas petition constitutes an abuse of the writ under the second clause of Rule 9(b), Rules Governing Section 2254 Cases. Under the second clause of Rule 9(b), a petition may be dismissed if it presents issues that could have been, but were not previously presented in a prior § 2254 petition, unless the petitioner can show cause and prejudice to excuse his failure to raise the claims in his original petition. McCleskey v. Zant, 499 U.S. 467, 489-90 (1991); Lewandowski v. Makel, 949 F.2d 884, 890 (6th Cir.1991). Once abuse is pleaded by the respondent or raised by the district court sua sponte, the petitioner must establish that he has not abused the procedure. See Andre v. Guste, 850 F.2d 259, 261-62 (5th Cir.1988). The respondent has pleaded abuse of the writ. However, Long has not attempted to establish either that he has not abused the procedure, or cause and prejudice to excuse his default, and none otherwise exists.
 
 
 12
 Second, Long's claims are without merit. While Ky.Rev.Stat.Ann. § 439.340(10) did not become effective until approximately ten years after Long was convicted of attempted first degree rape, the provisions of Ky.Rev.Stat.Ann. § 439.340(10) do not increase Long's punishment for that offense. Therefore, the application of that statute to Long does not violate the Ex Post Facto Clause. See California Dep't of Corrections v. Morales, 115 S.Ct. 1597, 1604 (1995). The decision of the parole board was not arbitrary, capricious, or retaliatory.
 
 
 13
 Finally, Long's equal protection and Eighth Amendment claims are without merit for the reasons stated by the district court.
 
 
 14
 Accordingly, the motion for counsel is denied, and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation