**John W. BYRD, Jr., Petitioner,**

v.

**Margaret BAGLEY, Warden, Respondent.**

No. 02–3189.

United States Court of Appeals, Sixth Circuit.

Feb. 18, 2002.

Before JONES, SUHRHEINRICH, and BATCHELDER, Circuit Judges.

BATCHELDER, Circuit Judge.

Before us on appeal is the order of the district court denying John Byrd's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 and his motion for a stay of execution. Also before us is Byrd's Emergency Motion for Stay of Execution Pending Appeal. For the reasons that follow, we deny the emergency motion for stay of execution and we affirm the judgment of the district court.

On September 10, 2001, a panel of this court issued its decision denying Byrd's request for a stay of execution and denying his request—couched as a "Motion To Determine Whether 28 U.S.C. § 2244(b) of the ADEPA Applies To His Case"—to file

a second and successive habeas petition. On September 11, 2001, a majority of the en banc court issued a stay of that order. By order of this Court filed on January 7, 2002, the stay was lifted and the clerk was ordered to issue the mandate "upon the panel decision" forthwith.

The substance of the September 10, 2001 panel decision was that John Byrd's claim of actual innocence was not new; that Byrd could have raised it in his first, pre-AEDPA habeas petition but did not; and that Byrd was not entitled to raise the actual innocence claims under either pre-AEDPA standards or under AEDPA. In short, this court held that Byrd's claim of actual innocence was barred.

■ The claim of actual innocence that Byrd now seeks to bring by way of a petition for habeas corpus relief under 28 U.S.C. § 2241 is exactly the same claim that was the subject of the panel's September 10, 2001 decision. Byrd now claims that he is entitled to seek relief under § 2241 because § 2254 is inadequate or ineffective as a remedy.

■ We have held in the context of § 2255 that relief under that section is not inadequate or ineffective as a remedy simply because the petitioner was not successful. *Charles v. Chandler*, 180 F.3d 753, 757–58 (6th Cir.1999); *see also Mans v. Young*, No. 01–5200, 2002 U.S.App. LEXIS 2081, 2002 WL 193939 (6th Cir. Feb. 6, 2002). Furthermore, we agree with those circuits that have held that regardless of the label on the statutory underpinning for the petition, habeas petitions of state prisoners are governed by 28 U.S.C. § 2254. *See, e.g., Coady v. Vaughn*, 251 F.3d 480, 484–85 (3rd Cir.2001) (" With respect to habeas petitions filed by state prisoners pursuant to Section 2254, Congress has restricted the availability of second and successive petitions through Section 2244(b). Allowing Coady to file the instant petition in federal court pursuant to Section 2241 without reliance on Section 2254 would circumvent this particular restriction."). *See also Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir.1999) ("We have held that a state habeas petitioner may not avoid the limitations imposed on successive petitions by styling his petition as one pursuant to 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254." (citing *Greenawalt v. Stewart*, 105 F.3d 1287, 1287–88 (9th Cir. 1997))).

We hold that Byrd's newest petition is in fact governed by the requirements of 28 U.S.C. § 2254. This petition therefore cannot be filed without authorization by this court, because it constitutes a second and successive petition. To the extent that Byrd seeks by this petition to obtain that authorization, it is DENIED. Because the relief sought in this petition is exactly the same relief that was considered by this court and denied in its order of September 10, 2001, we further hold that the district court correctly held that Byrd is not entitled to the relief he seeks. "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1).

Accordingly, we **DENY** the emergency motion for stay of execution; we **AFFIRM** the judgment of the district court dismissing Byrd's petition and denying Byrd's motion for a stay of execution.

Judge NATHANIEL R. JONES, Dissenting.

The issues presented to the District Court and are now here on appeal have never been squarely confronted by this court. By issuing a Certificate of Appealability, and thus granting John W. Byrd Jr. permission to appeal from its denial of his

habeas corpus petition filed pursuant to 28 U.S.C. § 2241, this court was afforded an opportunity to decide an issue heretofore unaddressed. This panel's majority declined to seize that opportunity. Its failure to do so may very well seal Byrd's fate. Execution appears to be a certainty, barring an intercession by the en banc court. This, in my judgment, compounds the long series of legal errors committed by this and other courts along the troubled path this case has traveled.

Reliance on Section 2241 by Byrd is not an impermissible sidestepping of prior rulings. That section is a free-standing provision of law that Congress enacted and did not disturb when it enacted AEDPA. The grant of power represented by Section 2241 is an alternative for state prisoners with valid claims of actual innocence. Such is what Byrd has been trying to raise in the face of barriers erected in State and now Federal proceedings. The panel majority now denies to Byrd an opportunity to pursue relief under Section 2241. Because I think that result is not only wrong, but a tragic denial of due process, I dissent.

No life is expendable. Certainly not Monte Tewksbury's. Nor John Byrd Jr.'s.

Yet, the State of Ohio has become complicit in making possible the wrongful taking of a life without affording full due process of law. That is the inevitable result of what is being done here by the majority's Order.

As a citizen, I join with countless thousands persons who are saddened at not having been able to personally intervene to save the life of Monte Tewksbury, an indisputably fine and decent man.

As a Federal Appellate Judge, I have tried, in keeping with my oath to uphold the Constitution of the United States, to prevent the taking of the life of a not-so-decent man, but one, who, with all of his flaws, was, nevertheless, entitled to all of the rights guaranteed by the Constitution. There was a breakdown in this case. My prediction is that history will look back on the handling of this prosecution by the State of Ohio, and the default of the judiciary, as a travesty of justice. Anger and the thirst for vengeance and retribution, can never justify suspending the Constitution. An unintended consequence of this break down of constitutional due process could hasten the day when the State of Ohio may want to seriously consider whether the death penalty is fundamentally unfair and unworkable.

A more elaborate statement of my views about this case will follow.