**Elbert Phillip LONG, Petitioner–Appellant,**

v.

**COMMONWEALTH OF KENTUCKY; Kentucky Parole Board; Kentucky Department of Corrections; James Morgan, Warden, North point Training Center, Respondents–Appellees.**

No. 02–5374.

United States Court of Appeals, Sixth Circuit.

Aug. 21, 2003.

Joseph Ray Myers, Frankfort, KY, for Petitioner–Appellant.

Barbara W. Jones, Lisa A. Beran, Commonwealth of Kentucky, Justice Cabinet–General Counsel, John T. Damron, Office of General Counsel, Frankfort, KY, for Respondent–Appellee.

Before KEITH, COLE, and COOK, Circuit Judges.

COLE, Circuit Judge.

Petitioner Elbert Phillip Long, a Kentucky state prisoner, appeals the district court's dismissal of his § 2241 petition for a writ of habeas corpus. Because we find Petitioner's claims barred by the statutory restrictions on second or successive habeas petitions under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), we affirm the denial of relief.

## I. BACKGROUND

In May 1977, after a jury trial in the Circuit Court of Daviess County, Kentucky, Long was convicted of murder and attempted rape. He was sentenced to a term of life imprisonment and five years imprisonment, respectively, for these charges. *See Long v. Smith,* 663 F.2d 18, 19 (6th Cir.1981). His conviction was affirmed on direct appeal. *Long v. Commonwealth,* 559 S.W.2d 482 (1977).[1]

---

1. Long subsequently filed a motion to vacate judgment pursuant to Kentucky Rule of Criminal Procedure 11.42. The Daviess Circuit Court overruled the motion, and the Kentucky Court of Appeals affirmed. The Supreme Court of Kentucky denied discretionary re-

In September 1986, Long was granted parole with special conditions of supervision. In 1986, the Kentucky legislature enacted a statute requiring the Kentucky Department of Corrections (the "Department") to establish and administer a sexual offender treatment program ("SOTP"). *See* K.R.S. § 197.400. In conjunction with the treatment program, the legislature adopted K.R.S. § 439.340(10), which provides that sexual offenders shall not be granted parole without successfully completing the SOTP. These statutes went into effect on July 15, 1986. In 1987, Long's parole officer ordered Long to attend sex offender counseling because of his attempted rape conviction. Long began the SOTP in May 1987. *See Long v. Sparkman,* 83 F.3d 422, 1996 WL 196263, *1 (6th Cir.1996).

In March 1988, the Department adopted changes in its policy regarding the participation of parolees and prisoners in sex offender programs. *Id.* The Department created a requirement that sexual offenders who refuse to admit guilt or responsibility for their sexually assaultive offenses would not be admitted into the SOTP. Those non-admitters who were already in the program would be informed in writing that they had until the end of the program unit in which they were participating to admit guilt or responsibility.

In July 1988, Long was informed that, as a result of the change in the Department's policy, he would have to admit his guilt as to the attempted rape offense for which he was convicted in order to complete the sex offender counseling. Long refused to admit his guilt. *Sparkman,* 83 F.3d 422, 1996 WL 196263 at *1. On July 21, 1988, Long was arrested and charged with a technical parole violation for failure to attend the sex offender counseling sessions. *Id.* Following a hearing, Long's parole was revoked. Subsequently, Long received two four-year deferments, in October 1988 and October 1992, and a two-year deferment, in October 1996, based on the original technical parole violation. *Id.* On October 28, 1998, Long was ordered to serve out his life sentence. He claims that the Parole Board stated that he "may request reconsideration if he completes sex offender treatment program."

Long challenged the execution of his sentence, twice by filing a § 2254 petition, and also by filing a declaratory judgment action. In 1988, he argued that the decision of the Kentucky Parole Board to revoke his parole violated his Fifth Amendment right against self-incrimination. The district court and this Court denied Long's claim on the merits. In 1995, Long filed a second § 2254 petition asserting, *inter alia,* that the Kentucky Parole Board's application of K.R.S. §§ 439.340(10) and (11) to him violated the Ex Post Facto Clause because the statutory provisions did not take effect until ten years after Long was convicted for attempted rape. This Court denied his claim on the merits and on procedural grounds. *Sparkman,* 83 F.3d 422, 1996 WL 196263. First, this Court found that Long failed to exhaust his available state court remedies by proceeding in the circuit court of the proper county to obtain a writ of mandamus requiring the Board to proceed properly. Second, this Court ruled that Long's petition constituted an abuse of the writ. Finally, this Court found that Long's claims lacked merit. With respect to Long's Ex Post Facto claim, the panel stated that although the statutory provisions did not take effect until ten years after Long's conviction, they did not increase his punishment for the offense. Consequently,

view. *Long v. Smith,* 663 F.2d at 19. Long twice attacked his underlying conviction by

filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Id.*

application of the statute to Long did not constitute an Ex Post Facto violation. *Id.* In addition, in 1998, Long filed a declaratory judgment action, seeking a judgment that his sentence had been illegally enhanced by the Parole Board's actions. The district court dismissed the complaint because Long failed to raise proper grounds for jurisdiction and had previously raised the same claim in several lawsuits. This Court affirmed the dismissal of the action as frivolous and for failure to state a claim. *Long v. Commonwealth of Kentucky,* 187 F.3d 636, 1999 WL 426674 (6th Cir.1999).

In 1988, Herman Tapp, another Kentucky prisoner convicted as a sex offender who was terminated from the SOTP for refusing to admit guilt, filed a declaratory judgment action and motion for injunctive relief against the Kentucky Corrections Cabinet and the Parole Board in the circuit court in Franklin County, Kentucky. In 1992, the trial court ordered that the matter be maintained as a class action on behalf of all sex offenders in the Department's custody. Both the Ex Post Facto and Fifth Amendment issues were litigated in this action. The trial court ultimately dismissed the plaintiffs' claims. After Tapp completed his sentence, Long was substituted as a class representative at the appellate level in the Kentucky state courts. In 1999, the state court of appeals affirmed the trial court's judgment. The Supreme Court of Kentucky denied discretionary review on January 12, 2000.

On January 8, 2001, Long filed the § 2241 petition at issue in this case in the United States District Court for the Western District of Kentucky at Owensboro. In this petition, Long contends that the execution of his sentence violates the federal constitution because the SOTP: (1) unlawfully requires him to admit guilt in violation of his Fifth Amendment right

against self-incrimination; and (2) was retroactively applied to him, and the retroactive application significantly and substantially increased the risk of denying parole to him, in violation of the Ex Post Facto Clause. Respondents filed a motion to dismiss the petition, arguing that: (1) the court should construe Long's petition as one filed under § 2254 and dismiss it because Long failed to obtain authorization to file a successive application as required by § 2244(b)(3)(A); and (2) the petition was barred by the one-year period of limitation in § 2244(d)(1). Long responded by arguing that: (1) a § 2241 petition, and not a § 2254 petition, was appropriate because he seeks to challenge the execution of his sentence and, therefore, § 2244(b)(3)(A) did not apply; and (2) the petition was not barred by the one-year period of limitation because the tolling provision in § 2244(d)(2) applied.

The matter was referred to a magistrate judge, who issued Findings of Fact, Conclusions of Law and a Recommendation on November 19, 2001. The factual findings and legal conclusions, as well as the recommendation to dismiss the petition with prejudice, were adopted by the district court. The magistrate judge first found that Long had filed his petition in the wrong district. The magistrate judge found that a § 2241 petition was appropriate because Long seeks to challenge the execution of his sentence. However, according to the magistrate judge, the § 2241 petition should have been filed in the district where Long was confined, and not in the district where he was convicted. Therefore, Long should have filed his petition in the Eastern District of Kentucky, Lexington Division, rather than in the Western District of Kentucky at Owensboro.

The magistrate judge further concluded that Long's petition should be dismissed

with prejudice because it would not be in the interest of justice to transfer the case to the Eastern District of Kentucky. The magistrate judge cited three grounds for this conclusion. First, "in light of the claims asserted in his previous § 2254 petitions the doctrine of successive and abusive petitions bars consideration of Long's § 2241 petition." Second, the petition must be dismissed for lack of exhaustion. Finally, federal review of Long's petition was barred by the one-year period of limitation in § 2244(d)(1).

Long filed objections to the magistrate judge's report. After considering the objections, the district court adopted the magistrate judge's report in full, dismissing the petition with prejudice. The district court granted a certificate of appealability as to three issues: (1) whether the doctrine of successive § 2244 petitions bars consideration of Long's § 2241 petition; (2) whether the petition should be dismissed for lack of exhaustion; and (3) whether the tolling provision of 28 U.S.C. § 2244(d)(2) applies to the class action civil suit challenging the constitutionality of Kentucky Revised Statutes §§ 439.340(1) and 197.400.

## II. DISCUSSION

We review *de novo* a district court's decision to dismiss a writ of habeas corpus. *Northrop v. Trippett,* 265 F.3d 372, 376 (6th Cir.2001).

We affirm the district court's dismissal of Long's petition because we find that Long's claims are barred by the doctrine of successive and abusive petitions. "A 'successive petition' raises grounds identical to those raised and rejected on the merits on a prior petition." *Rosales–Garcia v. Holland,* 322 F.3d 386, 398 (6th Cir.2003) (en banc) (quoting *Schlup v. Delo,* 513 U.S. 298, 318 n. 34, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) (quoting *Kuhl-*

*mann v. Wilson,* 477 U.S. 436, 444 n. 6, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986))). Under the AEDPA, which took effect on April 24, 1996, strict gatekeeping provisions restrict the ability of federal courts to hear successive § 2254 habeas petitions. *See* 28 U.S.C. §§ 2244(a) & (b) (2000); *Felker v. Turpin,* 518 U.S. 651, 662–63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996); *Holland,* 322 F.3d at 398. Section 2244(b)(1) states: "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." Section 2244(b)(2) provides that a "claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application" shall be dismissed unless the petitioner makes a prima facie showing. Section 2244(b)(1)(3)(A) states: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Long twice sought to challenge the execution of his sentence, asserting the claims he now raises, by filing petitions under § 2254. Long argues that the doctrine of successive and abusive petitions cannot serve as a basis for dismissal of his present petition because a § 2241 petition is not within the scope of § 2244(b), which only refers to "a second or successive habeas corpus application under Section 2254." In addition, Long claims that the changed circumstances of his status for parole eligibility have enhanced his claim for Ex Post Facto Relief, as well as his Fifth Amendment claim, and his petition is therefore not successive. Respondents argue that even though Long filed his action as a challenge to his sentence under § 2241, the doctrine of successive and abu-

sive petitions in § 2244(b) applies. Here, Respondents assert, Petitioner previously litigated identical issues in the district court and this Court, as well as challenged his conviction through the federal courts. Thus, pursuant to 28 U.S.C. § 2244(b)(3)(A), Long must proceed to this Court to obtain authorization to present his successive petition to the district court.

We find that the provisions of § 2244 regarding successive petitions apply to Long's § 2241 petition. It is true that § 2244 only refers to petitions for habeas corpus brought pursuant to § 2254, and not those brought under § 2241. This Court has indicated, however, that the restrictions on successive petitions in § 2244(b) apply to § 2241 petitions brought by state prisoners, despite the fact that § 2244(b) only makes reference to § 2254 petitions. In *Greene v. Tennessee Department of Corrections*, 265 F.3d 369 (6th Cir.2001), this Court agreed with the following language of the Seventh Circuit:

> "*Felker* leads to the conclusion that when a prisoner begins in the district court, § 2254 and all associated statutory requirements [including COA's under § 2253, if applicable] apply no matter what statutory label the prisoner has given the case. (Roughly speaking, this makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254.) Indeed, we have held in numerous cases that § 2254 was the correct vehicle for contesting loss of good time credit in prison disciplinary proceedings, and we adhere to those decisions today."

*Id.* at 371 (quoting *Walker v. O'Brien*, 216 F.3d 626, 637 (7th Cir.2000) (relying on

*Felker v. Turpin*, 518 U.S. 651, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996)) (citations omitted)). *See also Byrd v. Bagley*, 37 Fed. Appx. 94, 95 (6th Cir.2002) (holding that "regardless of the label on the statutory underpinning for the petition, habeas petitions of state prisoners are governed by 28 U.S.C. § 2254"). Thus, Long's petition is governed by the requirements of § 2254.

Because Long's § 2241 petition raises claims that were previously raised and decided, § 2244(b)'s restrictions on successive and abusive petitions apply. Under the AEDPA, prior to filing a second or successive habeas corpus petition in the district court, a petitioner must seek authorization "in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *In re Byrd*, 269 F.3d 544, 548 (6th Cir.2001). Thus, Long may not file a successive petition unless he first obtains permission from this Court. Section 2244(b)(3)(C) provides, "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." Pursuant to § 2244(b)(1), if the petitioner seeks permission to file the same claims that were filed in a previous application, such claims shall be dismissed. *Charles v. Chandler*, 180 F.3d 753, 757–58 (6th Cir.1999). A second or successive habeas corpus application that was not presented in a prior application "shall be dismissed unless" the applicant shows "the factual predicate" for his new claim of innocence "could not have been discovered previously through the exercise of due diligence," or that the claim "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavail-

able." 28 U.S.C. § 2244(b)(2)(A) & (B); *In re Byrd,* 269 F.3d at 549.

Here, Long seeks to raise claims that have been denied on the merits. Furthermore, Long cannot make a prima facie showing that his claims satisfy either of the requirements of the AEDPA. Therefore, Long is not entitled to file a successive habeas petition and we affirm the judgment of the district court.

## III. CONCLUSION

For the aforementioned reasons, we affirm the dismissal of Long's petition.