**John Douglas SEATON, Petitioner–Appellant,**

v.

**Commonwealth of KENTUCKY; Kentucky Parole Board; Kentucky Department of Corrections; William C. Seabold Warden, Kentucky State Reformatory, Respondents–Appellees.**

No. 02–5309.

United States Court of Appeals, Sixth Circuit.

Feb. 3, 2004.

John Douglas Seaton, pro se, LaGrange, KY, for Petitioner–Appellant.

Karen Quinn, Justice Cabinet—General Counsel, Frankfort, KY, for Respondent–Appellee.

Before BATCHELDER, GIBBONS, and COOK, Circuit Judges.

### ORDER

John Douglas Seaton, a Kentucky state prisoner, appeals pro se a district court order dismissing his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon

examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

This petition raises challenges to the Kentucky Sexual Offender Treatment Program (SOTP). In 1985, Seaton was convicted by a jury of numerous counts of incest, sodomy, and sexual abuse, and was sentenced to life imprisonment. The SOTP was enacted in 1986, the same year that Seaton filed his first petition for federal habeas corpus relief, alleging that he had been denied his right to appeal. That petition was denied on the merits. In 1994, Seaton filed a second petition for federal habeas corpus relief, alleging ineffective assistance of counsel, which was dismissed as successive. In 1996, the Kentucky Parole Board determined that he should serve out his sentence, allegedly due to this failure to complete the SOTP. At that time, a class action was pending in the state courts challenging the SOTP on the grounds that it violates inmates' rights against self-incrimination, as they are required to admit their guilt to all sexual offenses, and that it violates the Ex Post Facto Clause when applied to prisoners convicted prior to its enactment. The state courts rejected these arguments at each level of review, with the Kentucky Supreme Court dismissing the appeal on January 12, 2000. Seaton raised the same arguments presented in the class action in this proceeding.

The matter was referred to a magistrate judge, who determined that the petition had been filed in the wrong district, but recommended that it be dismissed rather than transferred, because Seaton had not exhausted his state court remedies, and the petition was barred by the one-year statute of limitations. Over Seaton's objections, the district court adopted this recommendation, but certified for appeal the questions of whether Seaton had ex-

hausted his state court remedies, and whether the state class action tolled the statute of limitations. Seaton reasserts his claims on appeal. Respondent argues that the petition is untimely because it was filed four days after the one-year period following the dismissal of the class action.

■ Upon review, we conclude that this petition was properly dismissed for the reasons stated by the district court. The argument raised by respondent on appeal is without merit, because it ignores Seaton's allegation that he placed his petition in the prison mailbox prior to one year following the Kentucky Supreme Court's dismissal of the class action. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999). However, the petition is barred by the one-year statute of limitations because the district court properly concluded that the state class action did not qualify as a properly filed application for state post-conviction or other collateral review, in order to toll the running of the statute of limitations under 28 U.S.C. § 2244(d)(2).

■ The petition was also properly dismissed for failure to exhaust state court remedies. Seaton never challenged the decision of the Parole Board denying him parole pursuant to a mandamus action in state courts. If such a remedy may be available, exhaustion is not deemed to be complete. *Brewer v. Dahlberg*, 942 F.2d 328, 340 (6th Cir.1991).

It is noted that this case was held in abeyance pending this court's decision in *Long v. Commonwealth of Kentucky*, 80 Fed.Appx. 410 (6th Cir.2003), which raised the same two issues above. However, that appeal was eventually decided on the basis that Long was not entitled to an order authorizing another habeas corpus petition which raised the same issues he had presented in prior petitions. Although that issue was not relied on or certified for appeal by the district court in this case, it

would provide an alternate basis for affirming the district court's dismissal of this petition. Seaton also would not be entitled to an order authorizing the filing of another habeas corpus petition to present these claims which he has never presented before, because he has not shown that his claims rely on new constitutional law, or on new facts which could not have been discovered previously and which establish his innocence by clear and convincing evidence. 28 U.S.C. § 2244(b)(2).

Accordingly, the dismissal of this petition is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.