RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 06a0415p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

DARRELL RITTENBERRY,

      *Petitioner-Appellant,*

    *v.*

JACK MORGAN,

      *Respondent-Appellee.*

No. 05-5606

Appeal from the United States District Court
for the Middle District of Tennessee at Cookeville.
No. 04-00018—William J. Haynes, Jr., District Judge.

Argued: June 26, 2006

Decided and Filed: November 9, 2006

Before: MARTIN and GILMAN, Circuit Judges; SARGUS, District Judge.[*]

---

**COUNSEL**

**ARGUED:** Michael C. Holley, FEDERAL PUBLIC DEFENDER'S OFFICE, Nashville, Tennessee, for Appellant. Jennifer L. Smith, OFFICE OF THE ATTORNEY GENERAL, Nashville, Tennessee, for Appellee. **ON BRIEF:** Michael C. Holley, Mariah A. Wooten, FEDERAL PUBLIC DEFENDER'S OFFICE, Nashville, Tennessee, for Appellant. Jennifer L. Smith, OFFICE OF THE ATTORNEY GENERAL, Nashville, Tennessee, for Appellee.

---

**OPINION**

---

    BOYCE F. MARTIN, JR., Circuit Judge. Petitioner-Appellant Darrell Rittenberry, who had previously filed a federal habeas petition under 28 U.S.C. § 2254 and was denied relief, filed the present habeas petition under 28 U.S.C. § 2241. Rittenberry claims that by filing under section 2241, he does not have to meet the requirement of 28 U.S.C. § 2244(b), which restricts the filing of successive petitions "under section 2254." The district court dismissed the petition, but granted a Certificate of Appealability on the single legal question of whether section 2241 "remains an independent remedy for a claim of actual innocence."

---

[*]The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

I.

In 1987, Rittenberry pled guilty in Tennessee state court to second degree murder and armed robbery, and was sentenced to life imprisonment. He subsequently sought post-conviction relief in state court, which was denied. In 1991, Rittenberry filed a federal habeas petition under 28 U.S.C. § 2254, challenging his guilty pleas and sentence due to ineffective assistance of counsel, prosecutorial misconduct, the use of perjured testimony, and sentencing calculation errors. A magistrate judge issued a report and recommendation rejecting Rittenberry's arguments, which the district court subsequently adopted, dismissing the petition. Rittenberry filed a second habeas petition in 1997, which the district court dismissed without prejudice due to Rittenberry's failure to exhaust state remedies.

After pursuing additional post-conviction relief in state court, Rittenberry filed the present petition in March 2004, seeking habeas relief under 28 U.S.C. § 2241 — as opposed to section 2254 — so as to challenge his plea based on information he became privy to after the denial of his first federal habeas petition. Specifically, Rittenberry gained access to the prosecutor's file in 2002 through his request under the state Public Records Act. In the file, he discovered that his co-defendant, Charlie Allen, had made a statement to a fellow prisoner in which he admitted to taking the primary responsibility for tying up the victim of their robbery, which led to the victim's death. This information was significant because Allen had been designated as the primary witness against Rittenberry, pursuant to Allen's plea agreement, and the strength of Allen's statement had convinced Rittenberry to plead guilty.

According to Rittenberry, he only received this information in 2002 in exchange for his agreement to voluntarily dismiss his pending state habeas proceeding. This practice by the state of refusing to turn over records to parties involved in litigation against Tennessee, including state and federal habeas proceedings, is endorsed by Tennessee law. *See Swift v. Campbell*, 159 S.W.3d 565, 576 (Tenn. App. 2004). This rule, operating in conjunction with the one year statute of limitations on filing a habeas action, leads to what Rittenberry describes as "Tennessee's Catch-22," whereby a petitioner cannot obtain information needed to litigate a habeas proceeding until an initial habeas petition is either time-barred or dismissed with prejudice.

Rittenberry filed the present petition pro se after voluntarily dismissing his state habeas proceeding and subsequently discovering the information from the prosecutor's file through the state Public Records Act. He was then appointed counsel, and filed an amended petition through counsel on July 26, 2004. The amended petition raised three claims: that Rittenberry was denied effective assistance of trial counsel; that his guilty plea was not knowing or voluntary; and that he was denied due process by the prosecutor's reliance on perjured testimony in procuring his guilty plea. After the warden moved to dismiss the petition on the grounds that it was a second or successive petition under 28 U.S.C. § 2244(b) (part of the 1996 Antiterrorism and Effective Death Penalty Act) Rittenberry argued that because his action was filed under section 2241 rather than section 2254, it was not subject to the second or successive petition restrictions of section 2244(b). The district court rejected this argument, and ordered the petition transferred to this Court as a second or successive petition under section 2244(b) on February 25, 2005. Rittenberry then filed a motion to alter the judgment, seeking a certificate of appealability on the issue of whether the petition could be presented independently under section 2241. The district court granted his motion in part by issuing the certificate of appealability on this single legal question, which is now before us.

II.

We review a district court's decision regarding a writ of habeas corpus de novo. *Wolfe v. Brigano*, 232 F.3d 499, 501 (6th Cir. 2000). Because this case presents only a question of law, there are no factual findings to which a more deferential standard would apply.

Rittenberry's appeal turns on the question of whether a habeas petitioner can avoid the procedural hurdles of the Antiterrorism and Effective Death Penalty Act, the pertinent portions of which are codified in 28 U.S.C. §§ 2244 and 2254, by filing his petition under 28 U.S.C. § 2241, rather than section 2254. Section 2241 provides a general grant of habeas jurisdiction and would, on its own, be more friendly to a habeas petitioner — particularly one who has previously filed a federal habeas petition. By contrast, section 2254 limits the grounds for habeas relief to people in custody pursuant to a state court judgment. Rittenberry freely admits that he is filing under section 2241, which he describes as a separate "gate" to habeas relief from section 2254, "because [§ 2241's] hurdle for successive petitions is more flexible than § 2254's." Most significantly, because this is not Rittenberry's first habeas petition, if he were filing under section 2254 he would have to satisfy the requirement of section 2244(b)(2)(B) that he obtain initial authorization from this Court to file his claim by making a showing of actual innocence (in addition to showing that the facts underlying his claim could not have been discovered initially). Rittenberry contends that he does not have to meet this prerequisite because he "filed under section 2241."

Rittenberry's legal argument relies largely on the language of the three relevant statutory provisions, and it is helpful at the outset to review the relevant portions of the statutory text. They provide as follows:

**§ 2241. Power to grant writ**

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.
> ...
> (c) The writ of habeas corpus shall not extend to a prisoner unless--
> ....
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States;

**§ 2244. Finality of determination**

> ....
> (b) (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> (2) *A claim presented in a second or successive habeas corpus application under section 2254* that was not presented in a prior application shall be dismissed unless--
> ...
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
> (3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
> ....
> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person *in custody pursuant to the judgment of a State court*....

(emphasis added)

**§ 2254. State custody; remedies in Federal courts**

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person ***in custody pursuant to the judgment of a State*** court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

(emphasis added)

Rittenberry contrasts the language of the habeas statutes to present the argument that a section 2241 habeas petition is a different and independent avenue to relief from a section 2254 petition. He argues that because section 2244(b)(2) specifically references claims "presented in a second or successive habeas corpus application under section 2254," in requiring a petitioner to gain pre-authorization from the court of appeals based on an initial showing of actual innocence, this requirement cannot apply to claims that are instead brought under section 2241.

There are some differences in language among the statutory provisions that support Rittenberry's argument. Most significantly, the limitation on successive petitions from section 2244(b) is the only limitation that uses the language "under section 2254." In contrast, parts (c) and (d) apply to any habeas petition brought on behalf of a "person in custody pursuant to a judgment of a State court." [1] Similarly, in section 2254, three of the specific limitations apply to petitions filed on "behalf of a person in custody pursuant to a judgment of a state court." *See* § 2254 (b), (d), and (e). Because Congress apparently chose to distinguish between petitions filed under section 2254 in section 2244(b) as opposed to petitions filed on behalf of persons in custody pursuant to a state court judgment, Rittenberry argues that general habeas relief for state prisoners is a broader category than petitions filed under section 2254, indicating that a separate avenue of relief, specifically section 2241, provides an independent ground for his claim.

Rittenberry also points to the language that existed in section 2244(b) prior to the enactment of AEDPA in 1996. Like the other current limits on habeas petitions, that section previously applied to all petitions on behalf of persons in custody pursuant to a state court judgment. AEDPA, however, changed the language, applying the limitations on successive petitions to petitions filed "under § 2254." According to Rittenberry, this change in language evinces an intention by Congress to modify the limitation and to exclude petitions filed under section 2241. As a result, Rittenberry claims, successive section 2241 petitions are now governed by the federal common law restrictions on the writ articulated by the Supreme Court in *Salinger v. Loisel*, 265 U.S. 224 (1924). Rittenberry believes that the more lenient approach under section 2241 was intentionally adopted to allow successive petitions to be heard in cases where a petitioner might not have a compelling argument to meet the high standard of actual innocence, but nevertheless was subject to an unconstitutional state court proceeding, as he claims he was by virtue of "Tennessee's Catch 22."

Rittenberry also relies on a concurring opinion by Judge Tjoflat of the Eleventh Circuit that presents a well-reasoned analysis comparing the habeas statutes, ultimately determining that section 2241 can support a petition independently of the requirements of section 2254. *Thomas v. Crosby*, 371 F.3d 782, 803 (11th Cir. 2004) (Tjoflat, J., concurring). Judge Tjoflat concluded that based on the statutory language, section 2254 applies only to petitions brought by convicted state prisoners, while section 2241 applies to any state prisoners, whether or not they had been convicted. *Id*. at 803. The different class of state prisoners to whom the statutes apply is significant to the issue here —

---

[1] Part (c) of the statute limits petitions in cases where the Supreme Court has entered a previous judgment, and part (d) provides the one year statute of limitations.

because pre-conviction prisoners are unaffected by section 2254, it cannot be said that section 2241 is effectively modified in its entirety by the requirements of section 2254, as section 2254 does not apply to all section 2241 petitioners. Judge Tjoflat also pointed out that Congress had in the past enacted seemingly redundant habeas statutes, and that in *Ex parte Yerger,* 75 U.S. 85 (1869), the Supreme Court had ruled that federal prisoners could bring actions under either of the two statutes, rejecting the claim that the newer statute displaced the original. Based on differences in language between the statutory provisions and canons of statutory construction, similar to those that Rittenberry advances here, Judge Tjoflat concluded that there are in fact two different and independent routes for post-conviction state prisoners to bring habeas petitions. *Id*.

The state counters that Rittenberry's "dual gate theory" seeks an end-run around the procedural requirements of section 2254, emphasizing that if a habeas petitioner could so easily avoid the strict requirements of AEDPA, nobody would file under section 2254, and the statute would become a nullity. This position is supported by the great weight of federal court decisions, which consistently view "§§ 2241 and 2254 as governing a single post-conviction remedy, with the § 2254 requirements applying to petitions brought by a state prisoner in custody pursuant to the judgment of a State court, giv[ing] meaning to § 2254 without rendering § 2241(c)(3) superfluous." *Thomas*, 371 F.3d at 786. Indeed, Judge Tjoflat's concurrence upon which Rittenberry relies occurred in a case where the Eleventh Circuit panel reached this exact conclusion. *Id*.

Three cases from this circuit have reached similar conclusions and essentially rejected the "dual gate" theory, although the issue squarely before us is yet to be addressed in a published opinion. *See Greene v. Tennessee Dep't Of Corrections*, 265 F.3d 369 (6th Cir. 2001) ("[W]hen a prisoner begins in the district court, § 2254 and all associated statutory requirements [including COA's under § 2253, if applicable] apply no matter what statutory label the prisoner has given the case. (Roughly speaking, this makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254.)");[2] *Byrd v. Bagley*, 37 F. App'x 94 (6th Cir. 2002) (unpublished); *Long v. Kentucky*, 80 F. App'x 410 (6th Cir. 2003) (unpublished).

We adopt the reasoning of these prior Sixth Circuit cases today, and hold that section 2244(b) applies to any habeas corpus petition seeking relief from custody pursuant to a state court judgment.[3] Rittenberry does present a persuasive argument, based on the statutory language used in the several habeas provisions. We see no meaningful way to explain the inconsistencies in the wording of the statutes, such as the reference in section 2244(b) to "second or successive habeas

---

[2] Although this language is relevant to the issue before us today, it is non-binding dicta, as the question before this Court in *Greene* involved the issuance of certificates of appealability under 28 U.S.C. § 2253, as opposed to the prerequisites for filing a successive habeas petition under section 2244(b). Even so, its reasoning is persuasive on the issue we address.

[3] It appears that in so doing, we join a number of other federal courts of appeals that have addressed the issue. *See Thomas*, 371 F.3d at 786 (11th Cir. 2004) ("§§ 2241 and 2254 . . . govern[] a single post-conviction remedy, with the § 2254 requirements applying to petitions brought by a state prisoner in custody pursuant to the judgment of a State court"); *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) (holding that "[r]oughly speaking, § 2254 [is] the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254"); *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) ("We have held that a state habeas petitioner may not avoid the limitations imposed on successive petitions by styling his petition as one pursuant to 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254."); *Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003) ("[I]f an application that should be brought under 28 U.S.C. § 2254 is mislabeled as a petition under section 2241, the district court must treat it as a section 2254 application instead. It is the substance of the petition, rather than its form, that governs." (citations omitted)); *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (A petitioner "can only obtain habeas relief through § 2254, no matter how his pleadings are styled.").

corpus application[s] under section 2254," as opposed to the words used in virtually every other limitation on the writ, which refer to petitions filed by "persons in custody pursuant to the judgment of a State court." Further, the pre-1996 version of section 2244(b) also contained the language "persons in custody pursuant to the judgment of a State court." There is no compelling answer to what Congress could have intended, other than distinguishing between these types of habeas petitions, when it changed this language to reach petitions filed "under section 2254."

Even so, we believe that Rittenberry's comparative analysis reveals nothing more than poor draftsmanship. The numerous federal decisions on this issue support the view that *all* petitions filed on behalf of persons in custody pursuant to State court judgments are filed under section 2254 and subject to AEDPA's restrictions, even if language in section 2244(b) seems to indicate otherwise. Judge Tjoflat's observation that there is a distinction between prisoners in custody pursuant to state court judgments and those in pre-trial detention is accurate, *Thomas*, 371 F.3d at 803, and still means that habeas petitioners in pre-trial custody do not have to meet the requirements of either section 2254 or section 2244(b). We simply believe that the language in section 2244(b) referencing petitions brought "under section 2254" is intended to correspond to petitions brought by persons in custody pursuant to state court judgments, as opposed to those in pre-trial detention. This reading is also consistent with "AEDPA's purpose to further the principles of comity, finality, and federalism." *Duncan v. Walker*, 533 U.S. 167, 178 (2001). Given AEDPA's emphasis on respecting final state court judgments (as opposed to pre-trial detainment by a state), there is not a good explanation for why the limitations on successive petitions would not apply to a petitioner convicted in state court if he files under section 2241, while all the other AEDPA limitations would apply regardless of how the petition is styled.[4]

Ultimately, we believe that the "single gate" approach is best supported by reading section 2254(a) to not provide a separate *source* of habeas jurisdiction from section 2241 at all. Rather, section 2254(a) is a limitation on the general grant of jurisdiction conferred in section 2241 that applies to cases involving prisoners subject to state court judgments. Although the words "shall entertain" at the outset of section 2254(a) suggest a grant of jurisdiction, when viewed as a whole, the provision is in fact a limit on jurisdiction. The words "*shall entertain* an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States" (emphasis added) from section 2254(a) are the functional equivalent of "shall *not* entertain an application, unless the petitioner raises a federal claim." Under this approach, there is really only a single "gate" to federal habeas relief from state custody — through the general jurisdictional grant in section 2241 — although all petitions seeking relief from state court *convictions* are more specifically filed "under section 2254" as well, and are subject to its restrictions, as well as those of section 2244(b). Thus, before filing a successive habeas petition, Rittenberry must seek pre-authorization from this Court under section 2244(b).

III.

For the foregoing reasons, we AFFIRM the district court's dismissal of the petition. As an alternative holding, Rittenberry requests that this Court "interpret section 2241 as being available to state prisoners who make a showing of actual innocence." We decline to address Rittenberry's

---

[4]Rittenberry argues that the difference is intended to accommodate those petitioners with more compelling actual innocence claims who want to get to court faster based on the requirement that the court of appeals authorize a successive petition to go forward within 30 days under section 2244(b)(3)(D). This is not a compelling explanation of the distinction. The thirty-day time limit referenced by Rittenberry applies only to the preliminary decision of the court of appeals authorizing a successive claim to go forward in the district court. If such a successive petition is allowed through section 2244(b), there is no requirement that it be adjudicated any faster in the district court than a petition filed under section 2241 that would not have to be pre-approved by the court of appeals.

petition as a "section 2241" petition, but he remains free to subsequently seek authorization from this Court to file a successive habeas petition as provided by section 2244(b).