BLACK, Circuit Judge:
Appellant James Dwight Thomas, a state prisoner, appeals the district court’s denial of his petition for a writ of habeas corpus. We affirm.
I. BACKGROUND
In 1973, Appellant pled nolo contendere in Florida state court to second-degree murder and was sentenced to 85 years’ imprisonment. He subsequently escaped from a Florida prison and fled to New York, where he remained a fugitive for close to 17 years. In 1993, Appellant was extradited to Florida to serve the remainder of his original sentence.
The Florida Parole Commission (FPC) considered Appellant’s case in 1994 and 1997, and ultimately set a presumptive parole release date of October 20, 2017. Appellant challenged the proceedings before the FPC. Of particular relevance to this case, Appellant sought a writ of mandamus in Leon County Circuit Court and then a writ of habeas corpus in Calhoun County Circuit Court. The Leon County Circuit Court denied Appellant’s petition for a writ of mandamus. Appellant did not ap *784 peal that decision. The Calhoun County-Circuit Court denied Appellant’s petition for a writ of habeas corpus, concluding Appellant was procedurally barred from relitigating issues that had already been raised in his mandamus petition and denying Appellant’s remaining claims on the merits. Appellant unsuccessfully appealed that decision.
In February 1999, Appellant sought post-conviction relief in federal court by filing pro se a document captioned “FORM TO BE USED BY FEDERAL PRISONERS FILING A PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241.” The district court referred the petition to a magistrate judge, who noted that “[although petitioner styled his case as under 28 U.S.C. § 2241, since he alleges he is in custody pursuant to a state judgment in violation of his constitutional rights, his appropriate avenue for relief is under 28 U.S.C. § 2254.”
The magistrate judge recommended that two of Appellant’s four claims be denied under exhaustion and procedural bar principles and that Appellant’s remaining two claims be denied on the merits. The district court adopted the magistrate judge’s report and recommendation and denied Appellant’s petition for habeas relief.
On July 5, 2001, we issued a certificate of appealability under 28 U.S.C. § 2253 on the following issue:
Whether the district court erred in finding that appellant’s first two claims that he was denied due process and equal protection under the law by the Florida Parole Commission in the setting of his presumptive parole release date and in refusing to set an effective parole release date were procedurally barred in light of O’Sullivan v. Boerckel, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).
After this issue was briefed, however, we sua sponte vacated the July 5 certificate of appealability and issued a new one on the following issue only:
Whether the district court erred in converting petitioner’s application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 into an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in that petitioner’s application did not collaterally attack a state court conviction. Instead, the application attacked a decision of the Florida Parole Commission concerning petitioner’s parole eligibility.
We now hold Appellant’s petition for a writ of habeas corpus is governed by both 28 U.S.C. § 2241 and 28 U.S.C. § 2254.
II. DISCUSSION
Before addressing the merits of the issue set out in the second COA, we briefly address the State’s contention that the issue is not properly before the Court because Appellant never raised it. ■
Notably, there is no question we have jurisdiction in this case. “A COA is usually a jurisdictional prerequisite to an appeal in a post-conviction relief proceeding following a state or federal court conviction.” Pagan v. United States, 353 F.3d 1343, 1344-45 (11th Cir.2003); see also 28 U.S.C. § 2253(c)(1) (“Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals_”). In this case, the first COA gave us jurisdiction over the appeal. It is of no consequence that we subsequently asked the parties to proceed on a different issue. Even assuming we did err by sua sponte issuing the second COA, any such error was not jurisdictional. See Young v. United States, 124 F.3d 794, 799 (7th Cir.1997) (refusing to treat an erroneously issued COA the same as the lack of a COA).
*785 Moreover, we will not now consider nonjurisdietional challenges to the propriety of our issuance of the second COA. The entire point of § 2253’s COA requirement is to eliminate those appeals that have little or no merit, thereby preserving judicial resources. See Miller-El v. Cockrell, 537 U.S. 322, 337, 123 S.Ct. 1029, 1040, 154 L.Ed.2d 931 (2003) (“By enacting [the AEDPA COA requirement] ... Congress confirmed the necessity and the requirement of differential treatment for those appeals deserving of attention from those that plainly do not.”). Once the parties have briefed and argued the issue set out in a COA and we have reached the point of considering an appeal on the merits, the time for scrutinizing the COA has long since passed. Were we to entertain belated challenges to COAs, we effectively would add another layer of complexity to the already complicated regime for post-conviction relief. See Young, 124 F.3d at 799 (“An obligation to determine whether a certificate should have been issued, even if the parties do not present this issue for decision ... would increase the complexity of appeals in collateral attacks and the judicial effort required to resolve them, the opposite of the legislative plan.”). This we will not do.
The State’s primary complaint regarding the second COA is that Appellant did not raise the issue set out therein and therefore has waived it. As we rule in the State’s favor on the merits based on prior Circuit precedent, we need not resolve the waiver issue.
The issue set out in the second COA — whether the district court erred by treating the petition filed by Appellant, a state prisoner in custody pursuant to the judgment of a state court, as one under 28 U.S.C. § 2254 rather than one under 28 U.S.C. § 2241 — has been resolved by our intervening decision in Medberry v. Crosby, 351 F.3d 1049 (11th Cir.2003), cert. denied, — U.S.-, 124 S.Ct. 2098, 158 L.Ed.2d 714 (2004).
In Medberry, we held that a habeas petition filed by a state prisoner in custody pursuant to the judgment of a state court is subject both to § 2241 and to § 2254, with its attendant restrictions.[1] In deciding Medberry, we conducted a searching review of habeas and post-conviction relief law. Although there is no need to repeat here all that we said in Medberry, we will for the sake of completeness repeat some of the more significant points from that decision.
“[T]here are two distinct means of securing post-conviction relief in the federal courts: an application for a writ of habeas corpus (governed by, inter alia, §§ 2241 and 2254) and a motion to vacate a sentence (governed by § 2255).” Medberry, 351 F.3d at 1058. With respect to the writ of habeas corpus proper, we stated in Medberry:
[T]he writ of habeas corpus is a single post-conviction remedy principally governed by two different statutes....
The difference between the statutes lies in the breadth of the situations to which they apply. Section 2241 provides that a writ of habeas corpus may issue to a prisoner in the following five situations:
(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
(2) He is in custody for an act done or omitted in pursuance of an Act of *786 Congress, or an order, process, judgment or decree of a court or judge of the United States; or
(3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
(4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
(5) It is necessary to bring him into court to testify or for trial.
28 U.S.C. § 2241(c). Section 2254, on the other hand, applies to a subset of those to whom § 2241(c)(3) applies — it applies to “a person in custody pursuant to the judgment of a State court” who is “in custody in violation of the Constitution or laws or treaties of the United States.” 28 U.S.C. § 2254(a) (emphasis added).
Id. at 1059. Accordingly, we concluded in Medberry that where a prisoner is in custody pursuant to the judgment of a state court, his petition is subject to both § 2241 and § 2254. Id. at 1064.
In so ruling, we pointed out that our conclusion was supported by the canon of statutory construction that the more specific statute takes precedence over the more general statute. Id. at 1060. “ ‘[Bjoth Sections 2241 and 2254 authorize [petitioner’s] challenge to the legality of his continued state custody,’ but ... allowing him to file his ‘petition in federal court pursuant to Section 2241 without reliance on Section 2254 would ... thwart Congressional intent.’ ” Id. (quoting Coady v. Vaughn, 251 F.3d 480, 484-85 (3d Cir.2001)). We next pointed out that our conclusion was further supported by the canon of statutory construction against reading any provision (even any word) of a statute so as to make it superfluous. Id. We stated:
Our reading of §§ 2241 and 2254 as governing a single post-conviction remedy, with the § 2254 requirements applying to petitions brought by a state prisoner in custody pursuant to the judgment of a State court, gives meaning to § 2254 without rendering § 2241(c)(3) superfluous. Under our reading, there remain some state prisoners to whom § 2254 does not apply. Section 2254 is limited to state prisoners “in custody pursuant to the judgment of a State court.” 28 U.S.C. § 2254(a). State pre-trial detention, for example, might violate the Constitution or the laws or treaties of the United States. Yet a person held in such pretrial detention would not be “in custody pursuant to the judgment of a State court.” Such a prisoner would file an application for a writ of habeas corpus governed by § 2241 only. To read §§ 2241 and 2254 other than as we do would effectively render § 2254 meaningless because state prisoners could bypass its requirements by proceeding under § 2241.
If § 2254 were not a restriction on § 2241’s authority to grant the writ of habeas corpus, and were instead a freestanding, alternative post-conviction remedy, then § 2254 would serve no function at all. It would be a complete dead letter, because no state prisoner would choose to run the gauntlet of § 2254 restrictions when he could avoid those limitations simply by writing “§ 2241” on his petition for federal post-conviction relief. All of Congress’s time and effort in enacting § 2254, amending it in 1966, and further amending it in *787 1996 with AEDPA would have been a complete waste. Section 2254 would never be used or applied, and all of the thousands of decisions over the past half-century from the Supreme Court and other federal courts interpreting and applying the provisions of § 2254 would have been pointless. Section 2254 would be a great irrelevancy because a state prisoner could simply opt out of its operation by choosing a different label for his petition.
Id. at 1060-61.
Our conclusion in Medberry was also supported by our extensive review of the history of the post-conviction relief statutes:
Neither does the history of § 2254 suggest that the section is anything more than a limitation on the preexisting authority under § 2241(c)(3) to grant the writ of habeas corpus to state prisoners. The 1948 codification which created § 2254 merely codified judge-made restrictions on issuing the writ of habeas corpus as authorized under § 2241.... Because it was merely declarative of judicial limitations imposed on habeas relief under § 2241, § 2254 could not possibly have created a new post-conviction remedy. Section 2254(a) merely specifies the class of state prisoners to which the additional restrictions of § 2254 apply.
Id. at 1060.
We summarized:
[A] state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus. All applications for writs of habeas corpus are governed by § 2241, which generally authorizes federal courts to grant the writ — to both federal and state prisoners. Most state prisoners’ applications for writs of habe-as corpus are subject also to the additional restrictions of § 2254. That is, if a state prisoner is “in custody pursuant to the judgment of a State court,” his petition is subject to § 2254. If, however, a prisoner is in prison pursuant to something other than a judgment of a state court, e.g., a pre-trial bond order, then his petition is not subject to § 2254.
Id. at 1062. Insofar as we held a state prisoner in custody pursuant to the judgment of a state court is subject to § 2254 and its various restrictions, we were in agreement with the Second, Third, Seventh, and Eighth Circuits. Id. (citing Cook v. New York State Div. of Parole, 321 F.3d 274, 278-79 (2d Cir.2003); Crouch v. Norris, 251 F.3d 720, 723 (8th Cir.2001); Coady, 251 F.3d 480, 484-85; Walker v. O’Brien, 216 F.3d 626, 633 (7th Cir.2000)).
There is no merit to Appellant’s argument that § 2254 does not apply where a state prisoner challenges parole decisions rather than court rulings. Section 2254 is triggered where a prisoner is “in custody pursuant to the judgment of a State court.” 28 U.S.C. § 2254(a). Appellant is in custody pursuant to the judgment of the Florida court. Therefore § 2254 applies to Appellant’s petition.
A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition. If the terms of § 2254 apply to a state habeas petitioner — ie., if he is “in custody pursuant to the judgment of a State court” — then we must apply its requirements to him. Appellant’s case is hardly unusual. His petition for a writ of habeas corpus is governed by both § 2241 and § 2254. The district court did not err in applying § 2254 to Appellant’s petition.
III. CONCLUSION
Appellant’s use of the § 2241 form for federal prisoners raised an issue of wheth *788 er he could somehow proceed under § 2241 separate and apart from § 2254. We apply our decision in Medberry v. Crosby, 351 F.3d 1049 (11th Cir.2003), and hold that Appellant’s petition is subject to both § 2241 and § 2254. The district court therefore did not err in applying § 2254 to Appellant’s petition.
AFFIRMED.

. The state prisoner in Medberry challenged prison disciplinary actions against him. Id. at 1052.