[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 17, 2007
THOMAS K. KAHN
CLERK

No. 05-12733
Non-Argument Calendar

_____

D. C. Docket Nos.
03-61167-CV-JAG
97-06002 CR-JAG

DAVID ANTHONY ROSTAN, JR.,
a.k.a. Anthony David Rostano,
a.k.a. David Anthony Rostano,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 17, 2007)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant David Rostan, through counsel, challenges the district court's denial of his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. After the denial of his § 2255 motion, Rostan filed a *pro se* application for certificate of appealability that asserted six different issues, which the district court granted in a blanket order.

Before addressing the merits of his claims, we note that, when the district court grants a certificate of appealability, its order "shall indicate which specific issue or issues satisfy the showing required by [§ 2253(c)(2)]." 28 U.S.C. § 2253(c)(3). Because the district court's order did not comply with the mandates of § 2253(c)(3), we vacate the order and remand this case to the district court for the court to specify the issues on which Rostan "made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2).[1]

VACATED and REMANDED.

---

[1] Although we have in the past chosen to decide for ourselves which issues, if any, warranted a COA, here, remand seems to be the more viable option. *See Thomas v. Crosby*, 371 F.3d 782, 796 (11th Cir. 2004) (discussing court of appeal's discretion whether to remand case to district court or whether to apply the COA standards itself), *cert. denied*, 543 U.S. 1063, 125 S. Ct. 888 (2005).