[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 1, 2008
THOMAS K. KAHN
CLERK

No. 07-14025
Non-Argument Calendar
_____

D. C. Docket No. 06-21725-CV-FAM

ROOSEVELT BROWN,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,
JAMES MCDONOUGH,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 1, 2008)**

Before ANDERSON, BIRCH  and PRYOR, Circuit Judges.

PER CURIAM:

Roosevelt Brown, a Florida prisoner proceeding <u>pro se</u>, appeals the district

court's denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C.

§ 2254. The certificate of appealability (COA) addressed a claim not raised in Brown's petition and not squarely addressed by the district court: whether the admission of a police officer's identification testimony violated Brown's constitutional rights under the Sixth Amendment by limiting the scope of cross-examination. Because we have the discretion to address the issue presented by the COA or any other issue presented by the parties, we also review the Confrontation Clause argument advanced by Brown since it arises out of the same undisputed facts as the evidentiary issue identified in the COA. For the reasons that follow, we AFFIRM the denial of habeas corpus relief.

## I. BACKGROUND

Brown, imprisoned for armed robbery following his 2003 conviction, filed this pro se § 2254 petition alleging, inter alia, that his conviction was obtained through the use of prejudicial identification testimony by Javier Rodriguez, a law enforcement officer. R1-1 at 5-6, Statement of Facts. A magistrate judge ordered McDonough to file an answer to show cause why the petition should not be granted and to file a "transcript of [Brown'] trial, copies of the briefs on filed on direct appeal, and any motions seeking [postconviction relief], or state habeas corpus, orders entered thereon, and briefs on appeal therefrom." R1-8 at 1.

Prior to his jury trial in Dade County, Florida, Brown filed a motion in

limine, requesting that the trial court prohibit Rodriguez from identifying Brown in a videotape surveillance footage of the crime. R1-18 at Florida District Court of Appeals Record on Appeal ("ROA") Vol. II at 217-18. Brown argued that the testimony would cause prejudice since the jury could infer from Rodriguez's occupation as a police officer that Brown had prior contact with the police. Additionally, Brown asserted that, if he did not inquire into Rodriguez's occupation, his ability to cross-examine the witness for bias would be unconstitutionally restricted and thus deny him a fair trial. Upon hearing the state's argument, the trial court denied Brown's motion, finding that Rodriguez's testimony was admissible so long as he did not reveal his occupation. Id. at 222. Further, the court agreed to admonish any officer called to testify that Rodriguez's occupation could not be revealed to the jury.

At trial, the state called Herbert Anderson, the owner of the insurance company allegedly robbed by Brown and three other men. R1-18 at Florida Circuit Court Jury Trial Transcript ("TT") at 214-19. He positively identified Brown as one of the robbers from the video surveillance footage. During cross-examination, however, Anderson conceded that at his deposition he had stated that he "did not do a lot of observing" during the crime. Id. at 228-29, 237. Further, he incorrectly reported Brown's weight to the police, observed him for three minutes or less over

three years prior to trial, and did not wear his glasses during the robbery. Id. at 243-47.

The state called Rodriguez to testify. Prior to Rodriguez's testimony, the court instructed him not to disclose his occupation as a police officer. Id. at 284-85. Brown renewed his objections to Rodriguez's testimony, asserting that the jury might infer from his clothing that he was an undercover officer but the trial judge commented that Rodriguez was "dressed pretty normal." Id. at 285. Thereafter, Rodriguez testified that, before the alleged robbery, he had contact with Brown for approximately six to eight hours. Id. at 287. He identified the person in the surveillance videotape as Brown. Id. at 288-89. During the direct testimony, neither the prosecution nor the witness referenced his occupation as a police officer. Id. at 286-289. After direct examination, Brown conducted the following cross-examination:

Q. Mr. Rodriguez, on January 14, 1999[,] you were not there at the scene . . . at . . . 7803 N.W. 27th Avenue . . . , right?

A. No, I was not.

Q. You just viewed a video tape, right?

A. Photograph and video tape, yes, sir.

Q. The video tape is only a few seconds, right?

A. I don't know how long it is. I saw a few seconds of it.

4

Q.     Mr. Brown is approximately how many pounds would you, estimate he is?

. . . .

[A.]   I believe maybe 320 pounds.

Q.     So you would estimate around 320 or so?

A.     Yes.  I am not sure.

Id. at 290.  Following cross-examination, the state rested its case, and Brown renewed his objection to Rodriguez's identification testimony, which the trial court denied.  Id. at 291-92.  The jury found Brown guilty, and he was sentenced to life imprisonment.  R1-18 at ROA Vol. II at 156, 169-71.

Subsequently, Brown filed a counseled direct appeal, arguing, in pertinent part, that the admission of Rodriguez's testimony denied his right to a fair trial. R1-17, Exh. C at 11-16.  He asserted that the jury inferred that Rodriguez was a police officer from his testimony and that Rodriguez identified Brown based on his prior contacts with law enforcement.  The state appellate court affirmed the judgment of conviction and sentence.  Brown v. State, 861 So. 2d 1161 (Fla. Dist. Ct. App. 2003).  Brown filed a pro se motion for postconviction relief, alleging, inter alia, that the admission of Rodriguez's testimony denied his right to a fair trial because it was highly prejudicial and the state had other adequate identification testimony.  R1-17, Exh. E at 7-8.  He also asserted that the trial court denied his

5

right to fully cross-examine the witness. The trial court denied relief, finding that the issue was "without merit and not cognizable on a collateral attack as [it] was raised on direct appeal." Id., Exh. F at Order Denying Defendant's Pro Se Motion for Postconviction Relief. Brown's motion for a rehearing was also denied. Id., Exh. F at Order Denying Defendant's Request for Rehearing on His Motion for Postconviction Relief. On appeal, the state appellate court denied relief. Brown v. State, 932 So. 2d 201 (Fla. Dist. Ct. App. 2006). While his motion for postconviction relief appeal was pending, Brown filed a petition for writ of habeas corpus with the state appellate court, alleging ineffective assistance of counsel. R1-17, Exh. G. The petition was denied. Brown v. State, 913 So. 2d 606 (Fla. Dist. Ct. App. 2005).

In a supplemental response to Brown's § 2254 petition, the state argued that Brown's claim was barred from federal habeas review because the state trial court found that his motion for postconviction relief failed to state a claim for relief and was not cognizable on collateral attack. R1-22 at 3-4. Further, it contended that the state trial court properly admitted the identification testimony because Rodriguez did not reveal his occupation as a police officer. It also maintained that the state court's decision did not result in a "fundamentally unfair trial," contradict federal law, or unreasonably apply relevant Supreme Court precedent. Id. at 10.

6

Brown replied that his claim was not procedurally defaulted because it was properly raised on direct appeal. R1-25 at 4-5. He maintained that the state trial court erred in admitting Rodriguez's identification testimony because the state presented other adequate identification testimony. He also, *for the first time* in the habeas proceedings, alleged that the admission of the testimony limited his ability to cross-examine Rodriguez because his occupation could not be revealed to the jury without substantial prejudice. Id. at 6-7, n.2.

In the Report and Recommendation ("R&R"), the magistrate judge concluded that Brown's claim was not procedurally barred because he properly presented it on direct appeal. R1-26 at 5-6. The R&R also concluded that the state trial court did not err in admitting Rodriguez's identification testimony. It noted that Rodriguez's testimony was based upon his "personal previous observations of Brown" and "was helpful to the jury." Id. at 17. Further, it stated that the testimony did not prejudice Brown because Rodriguez "was never identified as a police officer in connection with his ability to identify [Brown]." Id.. Moreover, the state trial court "specifically instructed the prosecution and the witness not to divulge the occupation of the witness before the jury." Id. at 18. It concluded that the decision neither violated Florida law nor adversely affected the fundamental fairness of the trial. Id. at 18-19. Accordingly, it recommended that the district

7

court deny relief on the claim. Id. at 20. The R&R did not address whether the admission of Rodriguez's testimony violated his rights under the Confrontation Clause. Id. at 17-20.

Brown filed objections to the R&R, arguing that the admission of Rodriguez's testimony was improper because the prosecution had other adequate sources of identification testimony. R1-29 at 4-5. Further, he claimed that the trial court restrained his ability to effectively cross-examine Rodriguez, thereby violating his Confrontation Clause rights under Davis v. Alaska, 415 U.S. 308, 94 S. Ct. 1105 (1974). Id. at 5-6. He also maintained that the prejudicial effect of the testimony outweighed its probative value in direct conflict with Old Chief v. United States, 519 U.S. 172, 117 S. Ct. 644 (1997).

The district court adopted the R&R, overruled Brown's objections, and denied his § 2254 petition. R1-30. Brown filed a motion for COA, which stressed that the admission of Rodriguez's testimony violated his cross-examination rights under the Confrontation Clause. R1-32 at 4-5. The district court granted Brown's motion for COA as to:

> Whether or not the admission of identification testimony by a police officer whose testimony followed the unequivocal identification of the petitioner by an eyewitness to the bank robbery, whose occupation (police officer) was kept secret from the jury, and who identified the petitioner from a still photograph of the bank robbery violated the petitioner's constitutional right to cross-examination of the police

8

officer because the defendant feared that his prior contacts with the police would be revealed to the jury.

R1-35.

## II. DISCUSSION

An erroneously issued COA does not deprive us of appellate jurisdiction. Thomas v. Crosby, 371 F.3d 782, 784 (11th Cir. 2004). The purpose of the COA requirement is to "eliminate those appeals that have little or no merit, thereby preserving judicial resources." Id. at 785. "Once the parties have briefed and argued the issue set out in a COA and we have reached the point of considering an appeal on the merits, the time for scrutinizing the COA has long since passed." Id. Thus, we will generally not address issues outside of the scope of a COA on appeal. Maharaj v. Sec'y for the Dep't of Corrs., 432 F.3d 1292, 1302-03 (11th Cir. 2005). Nevertheless, given an erroneous COA, we may exercise our discretion to (1) remand to the district court for enumeration of issues or (2) retain jurisdiction and rule on any issues raised by the petitioner that we deem worthy of a COA. Putman v. Head, 268 F.3d 1223, 1228 (11th Cir. 2001).

Brown asserted a violation of his right to cross-examine Rodriguez under the Confrontation Clause in his reply to the state's supplemental response to the order to show cause and in his objections to the R&R. See R1-25, 29. Brown did not, however, originally advance the argument in his § 2254 petition, and the district

9

court did not consider the issue below. See R1-1, 30. Instead, the district court's order adopted the R&R in full, which addressed whether the state trial court erred in admitting Rodriguez's identification testimony because of its prejudicial effect. See R1-26 at 17-19. Nevertheless, Brown raised the Confrontation Clause issue in his request for COA, which the district court granted. See R1-32, 35.

Despite the defects in the COA, we have discretion to address the issue in the COA or any other issue we deem worthy. See Putman, 268 F.3d at 1228; see also Thomas, 371 F.3d at 785. As to the evidentiary issue raised in Brown's petition and squarely addressed by the magistrate judge and the district court, we need not address whether the admission of Rodriguez's testimony violated Florida evidentiary law or denied Brown a fair trial since reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." See Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000). Brown did not argue that the Florida evidentiary law allowing the admission of officer identification testimony is unconstitutional. See R1-29 at 4-5. Moreover, the record reveals that the trial testimony did not disclose Rodriguez's occupation as a police officer. See R1-18, TT at 286-89. Thus, Brown's claim that the jury inferred his prior contacts with the police from Rodriguez's testimony is purely speculative and did not establish a "substantial showing of the denial of a

10

constitutional right" under Old Chief.  See § 2253(c)(2).

On appeal, Brown argues that the district court erred in dismissing the petition because the state trial court violated the Confrontation Clause by limiting the scope of Rodriguez's cross-examination and excluding reference to his occupation as a police officer.  Further, he maintains that a reasonable jury could have found that Rodriguez lacked credibility had he been able to fully cross-examine the witness.  Relying on United States v. Pierce, 136 F.3d 770 (11th Cir. 1998), he asserts that the testimony was unnecessary because the state had other adequate identification testimony, and he would have suffered prejudice by revealing Rodriguez's occupation as an officer.  He submits that the error had a substantial, injurious effect on the jury's verdict because Rodriguez's identification testimony was "half of the [s]tate's case."  Appellant's brief at 13.

The state responds that Pierce is distinguishable as it involved a federal trial. It argues that the admission of Rodriguez's identification testimony did not violate the Florida laws of evidence because the video footage was admitted into evidence. Further, it notes that Florida evidentiary law allows an officer to present lay opinion identification testimony so long as the state does not disclose the occupation of the witness.  It submits that, even if Rodriguez's identification testimony was not necessary to the state's case, it was still relevant and admissible.

11

It asserts that Brown has failed to present more than a mere conclusory allegation of an adverse effect on his right to cross-examination. It concludes that any error was harmless given the other substantial evidence of Brown's guilt.

In reviewing "a district court's denial of a 2254 petition, we review questions of law and mixed questions of law and fact <u>de novo</u>, and findings of fact for clear error." <u>Stewart v. Sec'y, Dep't of Corrs.</u>, 476 F.3d 1193, 1208 (11th Cir. 2007). Under § 2254 as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996, our review is limited and "highly deferential" to the decisions of the state courts. <u>Id.</u> The state court's factual determinations are "presumed to be correct" and the petitioner bears "the burden of rebutting the presumption . . . by clear and convincing evidence." <u>Marquard v. Sec'y for the Dep't of Corrs.</u>, 429 F.3d 1278, 1303 (11th Cir. 2005). Habeas relief is available only in cases where the claims were adjudicated on the merits and the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law" or "was based on an unreasonable determination of the facts in light of the evidence presented in state court." <u>Crowe v. Hall</u>, 490 F.3d 840, 844 (11th Cir. 2007), <u>cert. denied</u>, __ U.S. __, __ S. Ct. __ (Apr 21, 2008).

Clearly established federal law embraces "the holdings, as opposed to the dicta, of the United States Supreme Court as of the time of the relevant state court

decision." Stewart, 476 F.3d at 1208. Further, a decision is "contrary to" established law if (1) the state court arrived at an opposite conclusion on a question of law as interpreted by the Supreme Court or (2) the court arrived at a different result when confronted with "materially indistinguishable" facts from relevant Supreme Court precedent. Jennings v. McDonough, 490 F.3d 1230, 1236 (11th Cir. 2007), cert. denied, _ U.S. _, 122 S. Ct. 846 (2008). An application of established law is unreasonable "if the state court unreasonably extends or fails to extend a clearly established legal principle to a new context." Id.

"In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." U.S. Const. amend. VI. The right is secured for defendants in state as well as federal criminal proceedings by the Fourteenth Amendment. Pointer v. Texas, 380 U.S. 400, 403, 85 S. Ct. 1065, 1068 (1965). The Confrontation Clause necessarily includes the right to cross-examination a witness. Smith v. Illinois, 390 U.S. 129, 131, 88 S. Ct. 748, 749 (1968). Where credibility is at issue, the trial court cannot ordinarily prohibit the defense from inquiring into a witness's identity and residence. Id. at 131, 88 S. Ct. at 750. Those questions are "not only an appropriate preliminary to the cross-examination of the witness, but . . . [are] an essential step in identifying the witness with his environment, to which cross-examination may always be directed." Id. at

13

132, 88 S. Ct. at 750 (quoting Alford v. United States, 282 U.S. 687, 693, 51 S. Ct. 218, 220 (1931)).  Similarly, the trial court cannot limit the scope of cross-examination to preclude an inquiry into a witness's probationary status as a juvenile delinquent to show bias or motive.  Davis, 415 U.S. at 318, 94 S. Ct. at 1111.  Defense counsel must be able "to make a record from which to argue why [a witness] might have been biased or otherwise lacked that degree of impartiality expected of a witness at trial."  Id.  He must be "permitted to expose to the jury the facts from which jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness."  Id.

Nevertheless, the right to cross-examination is not without limits, as "the Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish."  Delaware v. Fensterer, 474 U.S. 15, 20, 106 S. Ct. 292, 294 (1985).  The scope of cross-examination regarding a particular line of inquiry is "within the sound discretion of the trial court," and "it may exercise a reasonable judgment in determining when [a] subject is [inappropriate]."  Alford, 282 U.S. at 694, 51 S. Ct. at 220.  "[T]rial judges retain wide latitude . . . to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness'[s] safety, or

14

interrogation that is repetitive or only marginally relevant." Delaware v. Van Arsdall, 475 U.S. 673, 679, 106 S. Ct. 1431, 1435 (1986).

The state trial court limited the scope of cross-examination by instructing Rodriguez not to reveal his profession to the jury. See R1-18 at TT at 222-23. Under Smith and its progeny, such a limitation could violate Brown's rights under the Confrontation Clause by preventing "the opponent the opportunity of cross-examination." See Davis, 415 U.S. at 315-16, 94 S. Ct. at 1110. It prevented the defense counsel from, among other things, challenging the circumstances of Rodriguez's prior contact with Brown. R1-18 at TT at 290. However, the trial court nevertheless had discretion to impose "reasonable limits" on the cross-examination based on its concern of possible prejudice to Brown inferred from his prior contact with law enforcement. See Van Arsdall, 475 U.S. at 679, 106 S. Ct. at 1435; see also Old Chief, 519 U.S. at 181, 117 S. Ct. at 650 ("[T]he risk that a jury will convict for crimes other than those charged-or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment-creates a prejudicial effect that outweighs ordinary relevance."). Thus, the state court's decision was not "contrary to" the controlling federal law in existence at the time of its decision. See Jennings, 490 F.3d at 1236.

Moreover, the relevant Supreme Court precedent is distinguishable from

Brown's case as Rodriguez's testimony involved potential prejudice to the defendant rather than the possibility of prejudice to a witness. See, e.g., Olden v. Kentucky, 488 U.S. 227, 232, 109 S. Ct. 480, 483(1988) (refusal to allow cross-examination regarding witness's interracial relationship with boyfriend violated Confrontation Clause); Van Arsdall, 475 U.S. at 676, 106 S. Ct. at 1433-34 (refusal to allow cross-examination regarding dismissal of witness's public drunkenness charge violated Confrontation Clause); Davis, 415 U.S. at 310-11, 94 S. Ct. at 1107-08 (refusal to allow cross-examination regarding witness's probationary status violated Confrontation Clause). Because the Supreme Court has never considered facts "materially indistinguishable" from Brown's case, the state court's decision could not have been "contrary to" federal law as it existed at the time. See Jennings, 490 F.3d at 1236.

Brown asserts that the state trial court acted unreasonably in excluding reference to Rodriguez's occupation because the state had other adequate identification testimony. However, as Brown conceded on direct appeal, the defense counsel significantly diminished the potency of Anderson's identification testimony on cross-examination. See R1-17, Exh. C at 15. Thus, Rodriguez's positive identification of Brown became the crux of the state's case, and the trial court did not act unreasonably in admitting the evidence. See Pierce, 136 F.3d at

16

776 (discouraging use of lay opinion identification by officers absent other adequate identification testimony). Because the trial court's decision to limit the scope of Rodriguez's testimony was neither contrary to, nor an unreasonable application of, the relevant Supreme Court precedent, the district court did not err in denying Brown's petition.

## III. CONCLUSION

For the reasons stated above, we **AFFIRM** the denial of Brown's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.