[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12981
Non-Argument Calendar
_____

D.C. Docket No. 0:13-cv-61059-RNS


JOSEPH FINCH,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 12, 2016)

Before MARTIN, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioner Joseph Finch, a Florida state prisoner proceeding *pro se*, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition.  In support of his claim for habeas relief, Petitioner raises three arguments on appeal.  First, he argues that his attorney was ineffective for failing to retain an independent DNA expert.  Second, he contends that his attorney was ineffective for failing to investigate the past disciplinary problems and laboratory protocol violations of two of the State's witnesses.  Finally, he argues that the cumulative effect of these errors denied him the right to due process and equal protection.  After careful review, we affirm.

## I.  BACKGROUND

### A.    State Criminal Conviction and Post-Conviction Proceedings

In 2005, the State of Florida charged Petitioner in a two-count information with armed sexual battery and kidnapping.  At trial, the State called Lynn Baird, a Broward County Sheriff's Office DNA specialist, who testified that the victim's rape kit contained the victim's DNA and the DNA of two other individuals:  a major and a minor contributor.  Kevin Noppinger, another DNA specialist, testified that Petitioner's DNA matched the major contributor in the victim's rape kit, so much so that the probability of finding someone else with the same DNA profile was one-in-twelve-to-thirteen billion.  The jury ultimately found Petitioner guilty on both counts, and the Florida court sentenced Petitioner to two consecutive life

sentences.  On direct appeal, the Florida appellate court affirmed Petitioner's convictions and sentences.

In 2008, Petitioner filed a motion for state post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, which he amended several times.[1] Among numerous grounds for relief asserted in his amended Rule 3.850 motion, Petitioner argued that his attorney was ineffective for failing to obtain a confidential DNA expert to perform an independent analysis of the DNA.  The expert, David Coffman, would have uncovered flaws and errors in the State's DNA analysis that would have shown that the evidence was inadmissible as a matter of law.  Petitioner further argued that his attorney was ineffective for failing to investigate the State's DNA experts, Baird and Noppinger.  An investigation of these individuals would have revealed that Baird was investigated in 2003 for contaminating DNA evidence and that Noppinger had been reprimanded for pouring hazardous chemicals down the drain.  Petitioner contended that if this evidence had been presented to the jury, there was a reasonable probability that the jury would have questioned the reliability of the crime lab and reached a different

---

[1] Prior to filing his Rule 3.850 motion, Petitioner filed a state petition for writ of habeas corpus, raising various grounds for relief not at issue in this appeal.  He later moved to add an additional claim under *Brady v. Maryland*, 373 U.S. 83 (1963), based on the State's failure to disclose impeachment evidence against two of the State's witnesses.  The Florida court denied Petitioner's writ of habeas corpus, but dismissed his *Brady* claim without prejudice to allow Petitioner to present that claim in a Rule 3.850 motion.

verdict.  Finally, Petitioner argued that the cumulative effect of the errors at trial violated his constitutional rights to due process and equal protection.

The Florida court denied Petitioner's Rule 3.850 motion.[2]  Specifically, the Florida court denied Petitioner's claim that counsel was ineffective for failing to call Coffman, the confidential DNA expert, concluding that the claim was speculative given that Petitioner did not establish that Coffman had been contacted, was available to testify, had conducted an examination of the evidence, or would testify consistently with Petitioner's allegations.  The Florida court further found that Petitioner failed to show that his attorney was ineffective for failing to investigate Baird and Noppinger because the incidents Petitioner cited had no connection to his case, and, in any event, the evidence would not have been admissible under Florida law.  After concluding that Petitioner had not shown any individual errors, the Florida court denied Petitioner's cumulative-error claim.  Petitioner appealed this decision to the Florida appellate court, which affirmed without opinion.

### B.    Federal Habeas Petition

Petitioner subsequently filed the present § 2254 petition, asserting multiple grounds for relief.  As relevant to this appeal, Petitioner alleged that his attorney

---

[2]  Because the Florida court adopted the State's response in denying Petitioner's Rule 3.850 motion, the Florida court's reasons for denying Petitioner's motion come from the State's response.

was ineffective for failing to retain Coffman as a confidential DNA expert. Petitioner also argued that his attorney was ineffective for failing to investigate Baird and Noppinger. Finally, Petitioner asserted that the cumulative effect of these errors deprived him of due process and equal protection.

A magistrate judge issued a report and recommendation ("R&R"), recommending denial of the petition, specifically concluding that the Florida court's decision on the ineffective-assistance and cumulative-error claims was not based on an unreasonable determination of the facts or an unreasonable application of clearly established federal law. Over Petitioner's objections, the district court adopted the R&R and denied the petition on all grounds.

Petitioner appealed and we granted a certificate of appealability ("COA") as to: (1) whether Petitioner's trial counsel was ineffective for failing to retain an independent DNA expert; (2) whether Petitioner's trial counsel was ineffective for failing to investigate the past disciplinary problems and protocol violations of Baird and Noppinger; and (3) whether, if errors occurred as to these two ineffective-assistance-of-counsel issues, the cumulative effect of those errors deprived Petitioner of his due process and equal protection rights.

## II.  DISCUSSION

### A.    Standard of Review

5

We review a district court's denial of a habeas petition under § 2254 *de novo*.  *Madison v. Comm'r, Ala. Dep't of Corr.*, 761 F.3d 1240, 1245 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 1562 (2015).  Although we review the district court's factual findings for clear error, we review its rulings on questions of law and mixed questions of law and fact *de novo*.  *Id.*  An ineffective-assistance claim "presents a mixed question of law and fact that we review *de novo*."  *Pope v. Sec'y, Fla. Dep't of Corr.*, 752 F.3d 1254, 1261 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 1550 (2015).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth a standard that makes granting habeas relief difficult on a claim that the state court has adjudicated on the merits.  *See White v. Woodall*, 134 S. Ct. 1697, 1702 (2014).  Under AEDPA, a federal court may only grant habeas relief on a claim if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

A state court decision is "contrary" to clearly established federal law if the state court "arrives at a conclusion opposite to that reached by" the Supreme Court or decides a case differently than the Supreme Court when faced with a case involving materially indistinguishable facts.  *Wellington v. Moore*, 314 F.3d 1256,

1260 (11th Cir. 2002).  Moreover, a state court decision constitutes an "unreasonable application" of clearly established federal law, where the court identifies the correct governing principles, but unreasonably applies those principles to a petitioner's case.  *Id.* at 1261.

### B.    Ineffective-Assistance-of-Counsel Claims

To establish ineffective assistance of counsel, a § 2254 petitioner must show that (1) counsel's performance was deficient, falling below an objective standard of reasonableness, and (2) the petitioner suffered prejudice as a result of the deficient performance.  *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).  Prejudice requires showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  Because a § 2254 petitioner must establish both *Strickland* prongs to prevail on an ineffective-assistance claim, a court need not consider both prongs if the petitioner fails to show either deficient performance or prejudice.  *Cox v. McNeil*, 638 F.3d 1356, 1362 (11th Cir. 2011).

### 1.    Independent DNA Expert[3]

---

[3]  On appeal, the Respondent argues that this COA is erroneous because it expands Petitioner's argument beyond the claim he presented to the district court.  In particular, the Respondent asserts that Petitioner challenged his trial counsel's failure to call a specific DNA expert, Coffman, before the district court, but the COA presents the question of whether counsel was ineffective for not retaining *any* DNA expert.  However, "the time for scrutinizing the COA has long since passed," as we have reached the point of considering the appeal.  *See Thomas v. Crosby*, 371 F.3d 782, 785 (11th Cir. 2004) ("Were we to entertain belated challenges to COAs,

Petitioner first argues that his attorney was ineffective for failing to obtain an independent expert to challenge the reliability of the State's DNA evidence. He contends that testimony from such an expert would have made the jury view his case in a different light because the expert would have testified that the State's experts violated their own protocols and procedures.

Petitioner has not disputed any facts, and therefore any claim for relief must be based on whether the state court's ruling was contrary to, or an unreasonable application of, clearly established federal law. The Florida court denied Petitioner's ineffective-assistance claim because it was too speculative to warrant relief. Although the court did not cite to any governing federal law, the court's rationale does not contradict any clearly established federal law. *See Early v. Packer*, 537 U.S. 3, 8 (2002) (concluding that § 2254(d) does not require the state court to cite to a Supreme Court decision, so long as the state court's reasoning does not contradict any Supreme Court decisions).

"It is well established that the Supreme Court's decision in *Strickland* is the controlling legal authority to be applied to ineffective assistance of counsel claims." *Sullivan v. DeLoach*, 459 F.3d 1097, 1108–09 (11th Cir. 2006) (quotations omitted). Where a petitioner raises an ineffective assistance claim

---

we effectively would add another layer of complexity to the already complicated regime for post-conviction relief.").

8

based on counsel's failure to call a witness, the petitioner carries a heavy burden to show prejudice "because often allegations of what a witness would have testified to are largely speculative." *Id.* (quotations omitted).

Here, Petitioner did not provide any evidence to support his conclusory assertion that an expert would testify that the DNA evidence was unreliable due to flawed laboratory methodology and protocols. Although Petitioner asserted that Coffman was available to testify, he provided no evidence showing that he had actually contacted Coffman, or any other expert for that matter. Nor did Petitioner ever allege that Coffman or any other expert had actually reviewed the evidence in his case. Without some specificity as to the proposed expert's testimony, any assertion that an expert would testify consistently with his claims is mere speculation and does not entitle him to habeas relief. *See id.* Accordingly, the Florida court's decision was not contrary to, or an unreasonable application of, clearly established federal law.

### 2. Failure to Investigate the State's Witnesses

Petitioner next argues that his attorney was ineffective for failing to investigate the past disciplinary issues and lab protocol violations of the State's witnesses, Baird and Noppinger. Petitioner contends that, if his attorney had been aware of these incidents, he could have impeached Baird and Noppinger and cast doubt on the State's case.

9

Petitioner has not shown that the Florida court's denial of his ineffective-assistance claim was contrary to, or an unreasonable application of, clearly established federal law. The Florida court's decision was not "contrary" to federal law, as it correctly identified the governing legal principles from the relevant Supreme Court decision. Although it did not cite to *Strickland*, the Florida court stated that Petitioner failed to show that his attorney was deficient, or that his attorney's alleged errors prejudiced him. The court correctly identified the governing legal principles, and thus its decision was not contrary to federal law.

The Florida court's determination was also not an "unreasonable application" of federal law. As noted previously, in denying this claim, the Florida court determined that Petitioner failed to show that his attorney was deficient, or that he was prejudiced by his attorney's alleged errors. Because we conclude that Petitioner did not show that he was prejudiced by his attorney's failure to investigate Baird and Noppinger, we need not decide whether his attorney's performance was deficient. *See Cox*, 638 F.3d at 1362.

Baird tested the DNA from the rape kit in the present case on May 15, 2001, which was several months before she mistakenly mixed DNA samples from two unrelated cases. Following the DNA-mixing incident, an independent agency reviewed 30 other cases handled by Baird during the same time-frame—in addition to 5 cases each from the other laboratory employees—and determined that Baird's

mishandling of DNA was an isolated incident.  As to Noppinger, he was disciplined for pouring hazardous chemicals down the drain in December 2002. This infraction occurred almost two years before Noppinger analyzed the DNA in Petitioner's case.

As illustrated above, these incidents are wholly unrelated to Petitioner's case.  Baird's DNA mix-up involved two cases unrelated to Petitioner's and occurred several months after Baird analyzed the rape kit in the present case. Moreover, Noppinger's act of pouring chemicals down the drain had nothing to do with the DNA analysis in the present case, in addition to the fact that it occurred several years before Noppinger determined that Petitioner's DNA was a match to the rape kit.  Because Petitioner failed to show that Baird and Noppinger's disciplinary problems and protocol violations were connected to the DNA analysis in his case or that they had any bearing on his guilt, Petitioner has not shown a reasonable probability that investigation by counsel of the above matters would have resulted in a different outcome at trial.  *See Strickland*, 466 U.S. at 694.

## C.    Cumulative Error

Finally, Petitioner claims that the cumulative effect of the errors at trial deprived him of his rights to due process and equal protection.  The cumulative-error doctrine provides that "a sufficient agglomeration of otherwise harmless or nonreversible errors can warrant reversal if their aggregate effect is to deprive the

11

defendant of a fair trial." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1284 (11th Cir. 2014). There is no merit to either of the ineffective-assistance claims Petitioner raises on appeal. Because there are no errors to accumulate, Petitioner cannot prevail on his cumulative-error claim. *See id.*; *see also Morris v. Sec'y*, *Dep't of Corr.*, 677 F.3d 1117, 1132 (11th Cir. 2012) (concluding that there can be no cumulative error where there is no error found in the trial court's rulings).

## III.  CONCLUSION

For the reasons stated above, we affirm the denial of Petitioner's § 2254 petition for a writ of habeas corpus.

**AFFIRMED.**