[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14603

Non-Argument Calendar

_____

JONATHAN KYLE LEWIS,

Petitioner-Appellant,

*versus*

BROWARD COUNTY SHERIFF OFFICE,
BROWARD COUNTY SHERIFF,
17TH CIRCUIT IN BROWARD COUNTY EMPLOYEES,
BARBARA MCCARTHY,
Judge,
CHIEF JUDGE, et al.,

Respondents-Appellees.

—————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:20-cv-61585-RKA

—————————————

Before LUCK, LAGOA, and BLACK, Circuit Judges.

PER CURIAM:

Jonathan Lewis, a Florida pretrial detainee proceeding *pro se*, appeals the district court's denial of his consolidated habeas corpus petitions, which the district court construed as brought under 28 U.S.C. § 2241. Lewis has moved for a certificate of appealability (COA), which we ordered be carried with the case. Lewis argues a COA is warranted and that we should reverse the district court because the district court erred in construing his habeas petition as a § 2241 petition and in applying the *Younger*[1] abstention doctrine to dismiss his petitions.[2]

A COA is required to appeal when a detention "arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A). To

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

[2] Unless a COA has been issued, federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners. *Gonzalez v. Thaler*, 565 U.S. 134, 142 (2012). "We review a *Younger* abstention decision for an abuse of discretion." *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004).

obtain a COA, a movant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the district court dismissed a habeas petition on procedural grounds, the movant must show that reasonable jurists would debate (1) whether the motion states a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

"[W]hen a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the *Younger* abstention hurdles before the federal courts can grant such relief." *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004) (quotation marks omitted). In *Younger*, the Supreme Court noted the "longstanding public policy" against federal-court interference with state court proceedings and held that federal courts should not intervene in a pending state criminal prosecution absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 43-44 (1971). The Supreme Court set out three exceptions to the abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate, alternative state forum where the constitutional issues can be raised. *Id.* at 45, 53–54. Application of the *Younger* abstention doctrine is, therefore, appropriate when the federal constitutional claims at issue can be raised in an ongoing state court proceeding and the individual seeking relief has not established that he lacks an adequate opportunity to present those claims in the state proceedings. *Id.* at 49.

We deny a COA because reasonable jurists would not debate that the district court properly construed Lewis's habeas corpus petitions as brought under § 2241 and properly dismissed them under the *Younger* abstention doctrine. *See* 28 U.S.C. § 2253(c)(2); *Slack*, 529 U.S. at 484. First, the district court did not err in construing Lewis's § 2254 petitions as § 2241 petitions because, as a state pretrial detainee, he could only bring a habeas petition under § 2241. *See Hughes*, 377 F.3d at 1261–62; *see also Thomas v. Crosby*, 371 F.3d 782, 786 (11th Cir. 2004) (determining a habeas application filed by a state pretrial detainee is "governed by § 2241 only" (quotation marks omitted)). Next, Lewis's detention resulted from a pretrial detention order, which arose "out of a process issued by a State court," specifically the state court's revocation of Lewis's bond in his several criminal cases. *See Medberry v. Crosby*, 351 F.3d 1049, 1063 (11th Cir. 2003) (concluding the phrase in 28 U.S.C. § 2253(c)(1)(A), "arises out of process issued by a State court," required a COA in a challenge to a prisoner's disciplinary proceeding when the prisoner's detention originated in a "state court process"). Thus, a COA is required to appeal from the district court's denial of Lewis's § 2241 petitions.

Next, while Lewis sought to challenge his pretrial detention based on a retaliatory conspiracy of state court and jail officials, his risk of serious disease from COVID-19, and ineffective assistance of counsel, the district court properly dismissed his petitions as barred by the *Younger* abstention doctrine. Because Lewis was involved in ongoing state court proceedings, and his § 2241 petitions

20-14603          Opinion of the Court                    5

concerned the lawfulness of those proceedings and his continued detention pursuant to those proceedings, the *Younger* abstention doctrine precluded federal interference, absent extraordinary circumstance. *Younger*, 401 U.S. at 43. Moreover, Lewis did not allege that bad faith motivated the initiation of the proceedings, and while Lewis claimed he would be irreparably injured if the district court did not intervene, he failed to explain why he did not bring his allegations to the attention of the state courts. *Id.* at 45, 53-54. Further, Lewis failed to meet his burden to show that he lacked an adequate, alternative state forum to raise his constitutional claims because the record demonstrated his state proceedings were ongoing and he had been able to raise other claims to the state court, including his petitions for mandamus and motion to remove his appointed counsel, but failed to challenge the state court's bond decision or file a state habeas petition. *See 31 Foster Children v. Bush*, 329 F.3d 1255, 1279 (11th Cir. 2003) (explaining the individual claiming the inadequate-remedy exception to the doctrine has the burden of establishing that the state proceedings do not provide an adequate remedy for his claims).

Thus, a COA is not warranted because reasonable jurists would not debate that the district court properly construed Lewis's petitions as § 2241 petitions and properly dismissed them as barred by the *Younger* abstention doctrine. *Slack*, 529 U.S. at 484.

6                    Opinion of the Court                    20-14603

Accordingly, we deny Lewis's motion for a COA and dismiss his appeal for lack of jurisdiction.[3]

   CERTIFICATE OF APPEALABILITY DENIED AND APPEAL DISMISSED.

---

[3] Lewis's motion for appointment of counsel is DENIED as moot.